IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

ENDOCARE, INC.,

Plaintiff,

v.                                                          Civil No. 12-1229 (GAG)

TECHNOLOGIAS UROLOGICAS, INC.,

Defendant.

**OPINION AND ORDER**

Endocare, Inc. ("Plaintiff") brought the present diversity action requesting judgment in exequatur against Technologias Urologicas, Inc. ("Defendant"). (Docket No. 1 ¶ 1.) Defendant moved to dismiss the complaint for lack of subject matter jurisdiction. (Docket No. 43.) Plaintiff opposed the motion. (Docket No. 48.) After reviewing these submissions and the pertinent law, the court **DENIES** Defendant's motion to dismiss.

**I.    Standard of Review**[1]

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement

---

[1] Defendant brought the motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Upon careful examination, the court notes that the argument presented is more suitable for examination under Federal Rule of Civil Procedure 12(b)(6). It is not uncommon for the court to deal with this situation. See generally Ne. Erectors Ass'n of the BTEA v. Sec'y of Labor, Occupational Safety & Health Admin., 62 F.3d 37 (1st Cir. 1995). The differences between the standards do not affect this case; the argument presented could be overlapping between Rule 12(b)(1) and Rule 12(b)(6). Nonetheless, the court finds it has federal jurisdiction over the matter and the plaintiff presented a claim upon which relief can be granted.

**Civil No. 12-1229 (GAG)**                                                            2

need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

A plaintiff need not allege sufficient facts to meet the evidentiary *prima facie* standard. See generally Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49 (D.P.R. 2013). *Prima facie* elements "are part of the background against which a plausibility determination should be made." Id. at 54 (external citations omitted). "[T]he elements of a *prima facie* case may be used as a prism to shed light upon the plausibility of the claim." Id. (emphasis added).

**II.   Factual Background**

The citizenship of the parties is not disputed. Plaintiff is a corporation organized under the laws of Delaware with its principal place of business in Texas. (Docket No. 1 ¶ 3.) Defendant is a corporation organized under the laws of Puerto Rico with its principal place of business in Puerto Rico. (Id. ¶ 4.)

On November 30, 2011, Plaintiff obtained a default judgment against Defendant for $230,454.44 in the District Court of Travis County, Texas. (Id. ¶ 7.) To date, Defendant has not

**Civil No. 12-1229 (GAG)**                                3

paid any part of the Texas judgment. (Id. ¶ 10.) On March 30, 2012, Plaintiff filed the instant action to enforce the Texas judgment. (Id. ¶ 7.) The complaint states that the Texas judgment is "(i) valid, enforceable, and complies with all legal requisites; (ii) was not obtained by or through fraud; (iii) was entered by a court with jurisdiction over the subject matter and over the persons of parties, [. . .]; and (iv) was entered in accordance with due process of law. . . ." (Id. ¶ 9.) Plaintiff is seeking an additional $4,419.67 which represents the post-judgment interest at five percent per annum. (Docket No. 1 ¶ 7.)

**III.   Discussion**

The threshold issue here is whether the court has jurisdiction to enforce a judgment entered by a state court. Defendant argues "[P]laintiff's request for the issuance of a writ of execution against [Defendant] must be dismissed" because the court's "enforcement jurisdiction is restricted to judgments rendered in cases under its jurisdiction or in other federal courts." (Docket No. 43 at 3.)

"Congress has mandated that federal courts grant full faith and credit to the judgments of all states, territories and possessions of the United States, including Puerto Rico." CIB Marine Capital, LLC v. Guzman, 2010 WL 2680447, at *1 (D.P.R. July 6, 2010) (citing 28 U.S.C. § 1738). "The method by which a judgment of another state is recognized and enforced, is determined by the local law of the enforcing state." Id. (citing Baker v. Gen. Motors, 522 U.S. 222, 235 (1998)).

However, "[f]oreign or state court judgments do not automatically operate in Puerto Rico. In order to be recognized and enforced, exequatur proceedings are necessary." Id. at *2 (citing Ex Parte Marquez Estrella, 128 D.P.R. 243, 255 (1991)). Under Puerto Rico law, local courts must give full faith and credit to state judgments when the following standards apply: "(1) That the judgment has been issued by a state court with jurisdiction over the person and the subject matter; (2) that the state court that issued the judgment observed due process of law; and (3) that the judgment has not been obtained by fraud." Id. at *2 (citing Aviles v. P.R. Tel. Co., 2009 T.S.P.R. 163) (holding Florida state court judgment met test for exequatur proceedings); Brightpoint N. Am. L.P. v. Acosta,

**Civil No. 12-1229 (GAG)**                                         4

2010 WL 891635, at *7 (D.P.R. Mar. 8, 2010) (finding subject-matter jurisdiction over claims to enforce Indiana state court judgment).

The law is clear as to this court's authority.  The court must give full faith and credit to state court judgments when the exequatur proceedings factors are met.  Defendant fails to cite any First Circuit precedent to support its claim that the court does not have jurisdiction.  To the contrary, this federal court, sitting in diversity, has historically conducted such exequatur proceedings.  See Tucker Anthony Mgmt. Corp. v. Holden, 716 F. Supp. 716 (D.P.R. 1989).

Furthermore, Defendant inaccurately cites Rule 69(a) of the Federal Rules of Civil Procedure to demonstrate the court lacks jurisdiction to execute the Texas judgment.  This rule is not relevant to this court's jurisdiction.  Rule 69(a) only applies to the execution of judgments entered by a federal court following the rules and regulations of local courts.  At this stage of the proceedings, there is no need to address the applicability of Rule 69(a) since there is yet to be a federal judgment entered in this case.

Having found that the court has authority to enforce a state court judgment, exequatur proceedings are necessary.  Plaintiff does not have to prove the Texas judgment meets the test for exequatur proceedings at this moment.  However, the court notes that, in its complaint, Plaintiff alleges the Texas court had personal and subject matter jurisdiction to hear the case, observed due process of law, and did not issue its judgment on a fraudulent basis.  (Docket No. 1 ¶ 9.)

**IV.   Conclusion**

In the light of the foregoing, the court hereby **DENIES** Defendant's motion to dismiss. (Docket No. 43).

**SO ORDERED.**

In San Juan, Puerto Rico this 18th day of June, 2013.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge